UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GRECIA LEIVA,

                                           Plaintiff,

against-

ALLIED UNIVERSAL SECURITY SERVICES,
ALLIED BARTON SECURITY SERVICES, LLC,
and OSVALDO ORTIZ,

                                        Defendants.
-------------------------------------------------------------------X

18 Civ. 1404

**COMPLAINT**

**JURY TRIAL
DEMANDED**

       Plaintiff Grecia Leiva, by and through her attorneys, Eisenberg & Baum, LLP, as and for her Complaint against Defendants alleges the following:

## PARTIES

       1.     Plaintiff Grecia Leiva is a woman who has been employed by Allied Universal Security Services and/or Allied Barton Security Services, LLC (hereinafter collectively "Allied") since 2015.

       2.     Defendant Allied Universal Security Services is a Delaware corporation that maintains corporate headquarters at 229 West 36th Street, New York, New York 10018 and 199 Water Street, New York, New York 10038. Allied Universal Security Services was formed in or around August 2016 as the result of a merger between Defendant Allied Barton Security Services, LLC and Universal Services of America. Upon information and belief, Allied Universal Security Services is the parent company of and/or successor-in-interest to Allied Barton Security Services LLC. Allied Universal Security Services contracts with the Port Authority to provide security services at JFK.

       3.     Defendant Allied Barton Security Services, LLC is a Delaware corporation with

offices in New York, New York. In 2016, Defendant Allied Barton Security Services, LLC merged with Universal Services of America to become Defendant Allied Universal Security Services. Defendant Allied Barton Security Services contracted with the Port Authority to provide security services at JFK from 2013 until the 2016 merger, when the new entity, Defendant Allied Universal Security Services, assumed the contract. Defendant Allied Barton Security Services, LLC employed Plaintiff from 2013 until her termination in the spring of 2016. Defendant Osvaldo Ortiz is a security supervisor at Allied at JFK. Upon information and belief, Ortiz is a resident of New York.

### JURISDICTION AND VENUE

4.      This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331, 1343, and 29 U.S.C. § 201 *et seq.* The Court has supplemental jurisdiction over Plaintiff's New York State and New York City law claims under 28 U.S.C. § 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

### FACTS

7.      Plaintiff has been employed by defendants as a security officer at JFK Airport since August 2015.

8.      Throughout her period of employment, Defendant Ortiz has been one of her supervisors and has subjected her to verbal and physical sexual harassment on a regular basis.

9.      Such misconduct on the part of Defendant Ortiz, acting during the course of his duties and as Plaintiff's supervisor, includes, but is not limited to, the following:

2

    a.   in the presence of Defendant Ortiz Plaintiff told a tour supervisor that she was not available to be placed on hold on a certain tour schedule and Ortiz responded by stating "I'll hold you whenever I want" and made a sexual eye gesture;

    b.   while Plaintiff was riding in a vehicle with a tour supervisor Ortiz stated to the supervisor in regard to her "be careful with that one, I am still working on her," referring to coercing her into a sexual relationship;

    c.   Ortiz made unwanted sexual comments about Plaintiff's body and appearance;

    d.   Ortiz also made unwanted physical contact with Plaintiff's body without her consent, and the touching was harmful and offensive.

10.    The foregoing instances are illustrative and not intended to be a comprehensive list of all similar mistreatment which Plaintiff experienced and continues to experience at work.

11.    Plaintiff resisted and complained about this sexual harassment. As a result, she was subjected to a campaign of hazing, abuse, and discrimination as a result of her gender, it retaliation for her resistance and complaints.

12.    Upon information and belief, other employees of the defendants repeatedly reported this type of harassment by Defendant Ortiz to the defendants' supervisors and top managers, but they did nothing to stop it.

13.    Upon information and belief, other employees of the defendants have filed lawsuits and/or other types of claims or complaints against Defendant Ortiz, but still nothing was done to stop his misconduct.

14.    Defendants' persistent harassment and retaliation against Plaintiff devastated her. Plaintiff dreaded going to work each day, not knowing what horrible conduct awaited

her. The harassment and retaliation took an enormous toll on Plaintiff, and after she complained, the number of hours/shifts she received at work was reduced and her income drastically declined.

15.     During her employment with Allied, Plaintiff was repeatedly denied extra work hours to supplement her income which were allocated to other employees who were male or who did not complain about sexual harassment. This occurred in part because, while fully aware of Plaintiff's sexual harassment complaints, Allied refused to remove Defendant Ortiz from Plaintiff's workplace and on many instances the only way she could work extra hours was by working on the same shift with him.

16.     On one occasion, Plaintiff was denied pay for time she worked in retaliation for having complained about sexual harassment.

17.     Upon information and belief, other female Allied employees were also subjected to discriminatory treatment and complained about that treatment to the Allied management. These employees' complaints were ignored and they were retaliated against by, upon information and belief, among other things, receiving worse shifts and fewer breaks and being forced to urinate in cups during shifts.

18.     For instance, currently pending before this court is the related matter *Powell v. Allied Universal Security Services et al.*, Case 1:17-cv-06133-ARR-SJB (E.D.N.Y. October 20, 2017).  In *Powell* Defendant Ortiz is likewise sued by a female subordinate and co-worker of Plaintiff herein for sexual harassment under allegations closely similar to those asserted in this pleading.

19.     Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunities Commission ("EEOC") and on December 29, 2017, Plaintiff was sent a Right to Sue letter by EEOC.  This lawsuit was timely filed thereafter.

## FIRST CLAIM FOR RELIEF
### Sexual Harassment, and Hostile Work Environment in Violation of the New York City Human Rights Law (Against All Defendants)

20.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

21.     Title 8 of the New York City Administrative Code, §8-107, Title VII of the United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit sexual harassment in the workplace.

22.     Defendants discriminated against Plaintiff on the basis of her gender, sexually harassed Plaintiff, and/or caused Plaintiff to experience a hostile work environment in violation of the law by treating Plaintiff less favorably than her male colleagues, making harassing or discriminatory comments to Plaintiff based on her gender, and/or by sexually harassing and assaulting Plaintiff, including but not limited to in the manner of quid pro quo.

23.     Defendants knew of the general discrimination and sexual harassment perpetrated against Plaintiff, or at a minimum, should have known about the harassment, based on the pervasive atmosphere of sexual harassment of female employees that was tolerated and condoned at Allied and under its leadership generally.

24.     The sexual harassment perpetrated against Plaintiff by Defendants affected a term, condition, and the privileges of her employment and was perpetrated by Plaintiff's supervisor during the course of their duties.

25.     As a result of Defendants' gender discrimination and sexual harassment of Plaintiff in violation of the New York City Human Rights Law, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, entitling her to injunctive and equitable monetary relief, and she has suffered anguish, humiliation, distress,

inconvenience, and loss of enjoyment of life due to Defendants' actions, entitling her to compensatory damages.

26.     In their gender-based discriminatory actions alleged in violation of the New York City Human Rights Law, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages.

27.     Under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-120, Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**Retaliation**
**(Against All Defendants)**

28.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

29.     Title 8 of the New York City Administrative Code, §8-107, Title VII of the United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit retaliation in the workplace.

30.     Plaintiff engaged in protected activity by making oral complaints about the sexual harassment, and gender discrimination that Defendants subjected her to on account of her gender, and by seeking to be protected against those same discriminatory acts.

31.     Defendants knew that Plaintiff had engaged in protected activity.

32.     Defendants subjected Plaintiff to adverse employment actions, by, including but not limited to, reducing the hours that she was eligible to work, retaliating against her, and subjecting her to a hostile work environment.

33.     Plaintiff's adverse employment actions were a direct and proximate result of Plaintiff's protected complaints and reports to Defendants regarding their discriminatory

6

conduct.

34.     As a result of the illegal conduct perpetrated by Defendants, Plaintiff has suffered

anguish, humiliation, distress, inconvenience, and loss of enjoyment of life, as well as lost wages

and work opportunities, entitling her to compensatory damages.

35.     In their retaliatory acts in violation of the New York City Human Rights Law,

Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby

entitling her to an award of punitive damages.

36.     Under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-120,

Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

37.     Pursuant to N.Y.C. Admin. Code § 8-502(c), Plaintiff is providing the New York

City Human Rights Commission of notice of her claims under the New York City Human Rights

Law.

### THIRD CLAIM FOR RELIEF
#### Gender Discrimination
#### (Against All Defendants)

38.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs

as if fully set forth herein.

39.     Title 8 of the New York City Administrative Code, §8-107, Title VII of the

United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit gender

discrimination in the workplace.

40.     Defendants discriminated against Plaintiff on the basis of her gender and

subjected Plaintiff to a hostile work environment in violation of the law by treating Plaintiff less

favorably than her male colleagues.

41.     Defendants knew of the gender discrimination perpetrated against Plaintiff, or at a

minimum, should have known about the discrimination, based on the pervasive atmosphere of discrimination against female employees that was tolerated and condoned at Allied and under its management generally.

42.     The gender discrimination perpetrated against Plaintiff by Defendants affected a term, condition, and the privileges of her employment.

43.     As a result of Defendants' discrimination in violation of the law, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, entitling her to injunctive and equitable monetary relief, and she has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life due to Defendants' actions, entitling her to compensatory damages.

44.     In their gender-based discriminatory actions alleged in violation of the law, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages.

45.     Under the New York State Human Rights Law, N.Y. Exec. Law § 297.10, Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

46.     Pursuant to N.Y.C. Admin. Code § 8-502(c), Plaintiff is providing the New York City Human Rights Commission of notice of her claims under the New York City Human Right Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding compensatory damages to Plaintiff;

b) Awarding punitive damages to Plaintiff;

c) Declaring Defendants have violated Plaintiff's rights in violation of the New York City Human Rights Law, and the New York State Human Rights Law and Title VII;

8

d) Awarding Plaintiff any and all under-payments that she is entitled to as a result of Defendants' failure to comply with the Federal Fair Labor Standards Act and the N.Y. Labor Law;

e) Awarding liquidated damages equal found to be due to Plaintiff either the Fair Labor Standards Act and the N.Y. Labor Law;

f) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g) Granting Plaintiff all such other relief as may be just and proper.


Dated: March 5, 2018
       New York, New York


                              EISENBERG & BAUM, LLP

                              By: _____
                                    Eric M. Baum, Esq. (EB-5493)
                                    Attorneys for Plaintiff
                                    24 Union Square East
                                    Fourth Floor
                                    New York, NY 10003
                                    (212) 353-8700