UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GRECIA LEIVA,

                                                                                  Case No. 1:18-cv-1404

                Plaintiff,

     -against-

ALLIED UNIVERSAL SECURITY SERVICES,
ALLIED BARTON SECURITY SERVICES, LLC,
and OSVALDO ORTIZ,

                Defendants.
------------------------------------------------------------------------X

## **ALLIED UNIVERSAL SECURITY SERVICES and ALLIED BARTON SECURITY SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

      NOW COMES Defendants Universal Protection Service, LLC (d/b/a Allied Universal Security Services), AlliedBarton Security Services LLC (together the "Allied Defendants") and files this their Answer to Plaintiff's Complaint (hereinafter "Complaint") as follows:

### **PARTIES**

      1.   Plaintiff Grecia Leiva is a woman who has been employed by Allied Universal Security Services and/or Allied Barton Security Services, LLC (hereinafter collectively "Allied") since 2015.

**ANSWER:**    Admitted.

      2.    Defendant Allied Universal Security Services is a Delaware corporation that maintains corporate headquarters at 229 West 36th Street, New York, New York 10018 and 199 Water Street, New York, New York 10038. Allied Universal Security Services was formed in or around August 2016 as the result of a merger between Defendant Allied Barton Security Services, LLC and Universal Services of America. Upon information and belief, Allied Universal Security Services is the parent company of and/or successor-in-interest to Allied Barton Security Services LLC. Allied Universal Security Services contracts with the Port Authority to provide security services at JFK.

1

**ANSWER:** The Allied Defendants admit that Defendant Universal Protection Service, LLC (d/b/a Allied Universal Security Services) contracts with the Port Authority of New York and New Jersey (the "Port Authority") to provide security services at John F. Kennedy International Airport ("JFK"). Except as expressly admitted, the Allied Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendant Allied Barton Security Services, LLC is a Delaware corporation with offices in New York, New York. In 2016, Defendant Allied Barton Security Services, LLC merged with Universal Services of America to become Defendant Allied Universal Security Services. Defendant Allied Barton Security Services contracted with the Port Authority to provide security services at JFK from 2013 until the 2016 merger, when the new entity, Defendant Allied Universal Security Services, assumed the contract. Defendant Allied Barton Security Services, LLC employed Plaintiff from 2013 until her termination in the spring of 2016. Defendant Osvaldo Ortiz is a security supervisor at Allied at JFK. Upon information and belief, Ortiz is a resident of New York.

**ANSWER:** The Allied Defendants admit that Universal Protection Service, LLC assumed the Port Authority contract from AlliedBarton Security Services LLC in or about September 2016. The Allied Defendants further admit that AlliedBarton Security Services provided security services at JFK pursuant to a contract with the Port Authority from in or about September 2013 through in or about September 2016. Except as expressly admitted, the Allied Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §~ 1331, 1343, and 29 U.S.C. § 201 et seq. The Court has supplemental jurisdiction over Plaintiff's New York State and New York City law claims under 28 U.S.C. § 1367(a).

**ANSWER:** The allegations in Paragraph 4 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response may be required, the Allied Defendants admit that this Court has subject matter jurisdiction over the Complaint.

5. Venue is proper in this district pursuant to 28 U.S.C. § 139 1(b).

**ANSWER:** The allegations in Paragraph 5 of the Complaint state a legal conclusion to which no response is necessary. To the extent a response may be required, the Allied Defendants admit that venue is proper in the Eastern District of New York.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

**ANSWER:** The Allied Defendants acknowledge Plaintiff's demand for a jury trial but deny that any such trial is necessary or warranted.

## FACTS

7. Plaintiff has been employed by defendants as a security officer at JFK Airport since August 2015.

**ANSWER:** The Allied Defendants admit that Allied has employed Plaintiff as an airport security agent at JFK Airport since in or about August 2015. Except as expressly admitted herein, the allegations contained Complaint are denied.

8. Throughout her period of employment, Defendant Ortiz has been one of her supervisors and has subjected her to verbal and physical sexual harassment on a regular basis.

**ANSWER:** The Allied Defendants admit that Ortiz worked as a supervisor during the time that Plaintiff was employed by the Allied Defendants at JFK Airport. Except as expressly admitted, the Allied Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Such misconduct on the part of Defendant Ortiz, acting during the course of his duties and as Plaintiff's supervisor, includes, but is not limited to, the following:

a) in the presence of Defendant Ortiz Plaintiff told a tour supervisor that she was not available to be placed on hold on a certain tour schedule and Ortiz responded by stating "I'll hold you whenever I want" and made a sexual eye gesture;
b) while Plaintiff was riding in a vehicle with a tour supervisor Ortiz stated to the supervisor in regard to her "be careful with that one, I am still working on her," referring to coercing her into a sexual relationship;

3

  c) Ortiz made unwanted sexual comments about Plaintiff's body and appearance;
  d) Ortiz also made unwanted physical contact with Plaintiff's body without her consent, and the touching was harmful and offensive.

**ANSWER:** Denied.

  10. The foregoing instances are illustrative and not intended to be a comprehensive list of all similar mistreatment which Plaintiff experienced and continues to experience at work.

**ANSWER:** Denied.

  11. Plaintiff resisted and complained about this sexual harassment. As a result, she was subjected to a campaign of hazing, abuse, and discrimination as a result of her gender, it retaliation for her resistance and complaints.

**ANSWER:** Denied.

  12. Upon information and belief, other employees of the defendants repeatedly reported this type of harassment by Defendant Ortiz to the defendants' supervisors and top managers, but they did nothing to stop it.

**ANSWER:** Denied.

  13. Upon information and belief, other employees of the defendants have filed lawsuits and/or other types of claims or complaints against Defendant Ortiz, but still nothing was done to stop his misconduct.

**ANSWER:** The Allied Defendants admit that there have been lawsuits filed in which Defendant Ortiz was named as a Defendant.  Except as expressly admitted, the Allied Defendants deny the allegations contained in Paragraph 13 of the Complaint.

  14. Defendants' persistent harassment and retaliation against Plaintiff devastated her. Plaintiff dreaded going to work each day, not knowing what horrible conduct awaited her. The harassment and retaliation took an enormous toll on Plaintiff, and after she complained, the number of hours/shifts she received at work was reduced and her income drastically declined.

**ANSWER:** Denied.

15. During her employment with Allied, Plaintiff was repeatedly denied extra work hours to supplement her income which were allocated to other employees who were male or who did not complain about sexual harassment. This occurred in part because, while fully aware of Plaintiff's sexual harassment complaints, Allied refused to remove Defendant Ortiz from Plaintiff's workplace and on many instances the only way she could work extra hours was by working on the same shift with him.

**ANSWER:** Denied.

16. On one occasion, Plaintiff was denied pay for time she worked in retaliation for having complained about sexual harassment.

**ANSWER:** Denied.

17. Upon information and belief, other female Allied employees were also subjected to discriminatory treatment and complained about that treatment to the Allied management. These employees' complaints were ignored and they were retaliated against by, upon information and belief, among other things, receiving worse shifts and fewer breaks and being forced to urinate in cups during shifts.

**ANSWER:** Denied.

18. For instance, currently pending before this court is the related matter *Powell v. Allied Universal Security Services et al.*, Case 1:17-cv-06133-ARR-SJB (E.D.N.Y. October 20,2017). In Powell Defendant Ortiz is likewise sued by a female subordinate and co-worker of Plaintiff herein for sexual harassment under allegations closely similar to those asserted in this pleading.

**ANSWER:** The Allied Defendants admit that the referenced lawsuit is pending and that Ortiz is a named Defendant in that lawsuit. Except as expressly admitted, the Allied Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunities Commission ("EEOC") and on December 29, 2017, Plaintiff was sent a Right to Sue letter by EEOC. This lawsuit was timely filed thereafter.

**ANSWER:** The Allied Defendants lack sufficient information upon which to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, based thereon, deny the allegations contained therein.

## FIRST CLAIM FOR RELIEF

Sexual Harassment, and Hostile Work Environment in Violation of the New York City Human Rights Law (Against All Defendants)

20. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** The Allied Defendants reallege and re-aver their responses to Paragraphs 1 through 19 as though fully set forth herein.

21. Title 8 of the New York City Administrative Code, §8-107, Title VII of the United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit sexual harassment in the workplace.

**ANSWER:** The allegations in Paragraph 21 of the Complaint are a recitation of the New York City Administrative Code, the United States Code, and the New York Human Rights Law to which no response is necessary. To the extent that a response is required, the Allied Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants discriminated against Plaintiff on the basis of her gender, sexually harassed Plaintiff, and/or caused Plaintiff to experience a hostile work environment in violation of the law by treating Plaintiff less favorably than her male colleagues, making harassing or discriminatory comments to Plaintiff based on her gender, and/or by sexually harassing and assaulting Plaintiff, including but not limited to in the manner of quid pro quo.

**ANSWER:** Denied.

23. Defendants knew of the general discrimination and sexual harassment perpetrated against Plaintiff, or at a minimum, should have known about the harassment, based on the pervasive atmosphere of sexual harassment of female employees that was tolerated and condoned at Allied and under its leadership generally.

**ANSWER:** Denied.

24. The sexual harassment perpetrated against Plaintiff by Defendants affected a term, condition, and the privileges of her employment and was perpetrated by Plaintiff's supervisor during the course of their duties.

**ANSWER:** Denied.

25. As a result of Defendants' gender discrimination and sexual harassment of Plaintiff in violation of the New York City Human Rights Law, Plaintiff has been denied

6

employment opportunities providing substantial compensation and benefits, entitling her to injunctive and equitable monetary relief, and she has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life due to Defendants' actions, entitling her to compensatory damages.

**ANSWER:** Denied.

26. In their gender-based discriminatory actions alleged in violation of the New York City Human Rights Law, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages.

**ANSWER:** Denied.

27. Under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-120, Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

**ANSWER:** Denied.

## SECOND CLAIM FOR RELIEF
### Retaliation
### (Against All Defendants)

28. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** The Allied Defendants reallege and re-aver their responses to Paragraphs 1 through 27 as though fully set forth herein.

29. Title 8 of the New York City Administrative Code, §8-107, Title VII of the United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit retaliation in the workplace.

**ANSWER:** The allegations in Paragraph 29 of the Complaint are a recitation of the New York City Administrative Code, the United States Code, and the New York Human Rights Law to which no response is necessary. To the extent that a response is required, the Allied Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Plaintiff engaged in protected activity by making oral complaints about the sexual harassment, and gender discrimination that Defendants subjected her to on account of her gender, and by seeking to be protected against those same discriminatory acts.

**ANSWER:** The Allied Defendants admit that Plaintiff made a complaint about alleged misconduct. Except as expressly admitted, the Allied Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants knew that Plaintiff had engaged in protected activity.

**ANSWER:** Paragraph 31 of the Complaint states a legal conclusion, to which no response is necessary. To the extent that Paragraph 31 of the Complaint contains a factual assertion or otherwise requires a response, the Allied Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants subjected Plaintiff to adverse employment actions, by, including but not limited to, reducing the hours that she was eligible to work, retaliating against her, and subjecting her to a hostile work environment.

**ANSWER:** Denied.

33. Plaintiff's adverse employment actions were a direct and proximate result of Plaintiff's protected complaints and reports to Defendants regarding their discriminatory conduct.

**ANSWER:** Denied.

34. As a result of the illegal conduct perpetrated by Defendants, Plaintiff has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life, as well as lost wages and work opportunities, entitling her to compensatory damages.

**ANSWER:** Denied.

35. In their retaliatory acts in violation of the New York City Human Rights Law, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages.

**ANSWER:** Denied.

36. Under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-120, Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

**ANSWER:** Denied.

37. Pursuant to N.Y.C. Admin. Code § 8-502(c), Plaintiff is providing the New York

City Human Rights Commission of notice of her claims under the New York City Human Rights Law.

**ANSWER:** The Allied Defendants lack sufficient information upon which to either admit or deny the allegations contained in Paragraph 37 of the Complaint and, based thereon, deny the same.

### THIRD CLAIM FOR RELIEF
Gender Discrimination
(Against All Defendants)

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

**ANSWER:** The Allied Defendants reallege and re-aver their responses to Paragraphs 1 through 37 as though fully set forth herein.

39. Title 8 of the New York City Administrative Code, §8-107, Title VII of the United States Code and Section 296.1(a) of the New York Human Rights Law, prohibit gender discrimination in the workplace.

**ANSWER:** The allegations in Paragraph 39 of the Complaint are a recitation of the New York City Administrative Code, the United States Code, and the New York Human Rights Law to which no response is necessary. To the extent that a response is required, the Allied Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants discriminated against Plaintiff on the basis of her gender and subjected Plaintiff to a hostile work environment in violation of the law by treating Plaintiff less favorably than her male colleagues.

**ANSWER:** Denied.

41. Defendants knew of the gender discrimination perpetrated against Plaintiff, or at a minimum, should have known about the discrimination, based on the pervasive atmosphere of discrimination against female employees that was tolerated and condoned at Allied and under its management generally.

**ANSWER:** Denied.

42. The gender discrimination perpetrated against Plaintiff by Defendants affected a term, condition, and the privileges of her employment.

**ANSWER:** Denied.

43. As a result of Defendants' discrimination in violation of the law, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, entitling her to injunctive and equitable monetary relief, and she has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life due to Defendants' actions, entitling her to compensatory damages.

**ANSWER:** Denied.

44. In their gender-based discriminatory actions alleged in violation of the law, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling her to an award of punitive damages.

**ANSWER:** Denied.

45. Under the New York State Human Rights Law, N.Y. Exec. Law § 297.10, Plaintiff is entitled to recover reasonable attorneys' fees and costs of this action.

**ANSWER:** Denied.

46. Pursuant to N.Y.C. Admin. Code § 8-502(c), Plaintiff is providing the New York City Human Rights Commission of notice of her claims under the New York City Human Right Law.

**ANSWER:** The Allied Defendants lack sufficient information upon which to either admit or

deny the allegations contained in Paragraph 46 of the Complaint

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

   a. Awarding compensatory damages to Plaintiff;
   b. Awarding punitive damages to Plaintiff;
   c. Declaring Defendants have violated Plaintiff's rights in violation of the New York City Human Rights Law, and the New York State Human Rights Law and Title VII;
   d. Awarding Plaintiff any and all under-payments that she is entitled to as a result of Defendants' failure to comply with the Federal Fair Labor Standards Act and the N.Y.Labor Law;
   e. Awarding liquidated damages equal found to be due to Plaintiff either the Fair Labor Standards Act and the N.Y. Labor Law;


    f. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred inprosecuting this action; and

    g. Granting Plaintiff all such other relief as may be just and proper.

**RESPONSE TO PRAYER FOR RELIEF:** Specifically responding to the "Prayer For Relief" paragraph following Paragraph 46 of the Complaint, the Allied Defendants state that no response is necessary. To the extent that a response is required, the Allied Defendants specifically deny that Plaintiff is entitled to any relief, including, but not limited to, that specific relief requested and enumerated in the Complaint.

By way of further answer to the Complaint, the Allied Defendants state that any and all allegations in Plaintiff's Complaint that have not been expressly admitted hereinabove are hereby denied. The Allied Defendants further request that this Court deny Plaintiff the relief sought and dismiss the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD DEFENSE

The Allied Defendants at all times acted in good faith to comply with all applicable laws and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of compromise and settlement, waiver and/or accord and satisfaction.

**FIFTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees.

**SIXTH DEFENSE**

Plaintiff is not entitled to recover punitive damages from the Allied Defendants for the acts alleged in the Complaint on the grounds that none of the corporate Defendants' officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did the corporate Defendants or their officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did the corporate Defendants employ said employees with a conscious disregard of the rights or safety of others.

**SEVENTH DEFENSE**

Assuming, arguendo, that Plaintiff has stated a case for discrimination, harassment and/or hostile work environment, the Allied Defendants exercised reasonable care to prevent and promptly correct any alleged harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by the Allied Defendants to avoid harm or otherwise.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, avoidable consequences, after-acquired evidence, estoppel, and/or other principles of equity.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no action was taken toward Plaintiff based on her gender or because she purportedly engaged in alleged protected activity, but instead, all actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that some or all of the damages claimed by Plaintiff were a result of Plaintiff's own acts, actions, omissions, or negligence.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all time Plaintiff's employment was at-will.

### TWELFTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages, if any, she claims to have suffered as a result of the allegations in the Complaint. In the alternative, to the extent Plaintiff has mitigated any alleged damages, the Allied Defendants are entitled to a set-off for any interim earnings, benefits, or other income.

### THIRTEENTH DEFENSE

Plaintiff's Complaint, in whole or in part, does not allege facts sufficient to support claims for violations of the laws cited therein.

### FOURTEENTH DEFENSE

Plaintiff's Complaint must be dismissed to the extent that she has failed to fully exhaust their administrative remedies.

### FIFTEENTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiff, were caused, if at all, by factors unrelated to the conduct or lack thereof on the part of the Allied Defendants.

### SIXTEENTH DEFENSE

Plaintiff's claims for retaliation must be dismissed, in whole or in part, because Plaintiff never engaged in any protected activity.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the exclusivity of remedies provision of the New York Workers' Compensation Law.

### EIGHTEENTH DEFENSE

To the extent that Plaintiff's claims are based upon alleged intentional misconduct of specific employees and/or non-employees, neither of the Allied Defendants can be held liable for such conduct based upon theories of *respondeat superior* or vicarious liability or any other manner of imputing liability.

### NINETEENTH DEFENSE

Plaintiff's Complaint fails to allege actions that rise to the level of a hostile work environment as defined under applicable law.

### TWENTIETH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

**TWENTY-FIRST DEFENSE**

Any claim for liquidated damages is barred as (1) AlliedBarton Security Services LLC and/or Universal Protection Service, LLC and all of their officers, directors, and agents acted in good faith and did not commit a willful violation of applicable law; (2) AlliedBarton Security Services LLC and/or Universal Protection Service, LLC and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff; and (3) Plaintiff failed to plead facts sufficient to support recovery of such damages.

**TWENTY-SECOND DEFENSE**

Plaintiff is not entitled to recover any punitive damages as prayed for in the Complaint on the grounds that any award of punitive damages would violate the constitutional rights of Defendants, including, but not limited to, Defendants' rights under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-THIRD DEFENSE**

Even if certain employee(s) acted improperly toward Plaintiff, which the Allied Defendants deny, neither AlliedBarton Security Services LLC nor Universal Protection Service, LLC can be held liable for such conduct because neither knew of such conduct, acquiesced in such conduct, nor condoned such conduct.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, under the avoidable consequences doctrine because (1) the Allied Defendants took reasonable steps to prevent and correct workplace discrimination, retaliation, and harassment; (2) Plaintiff unreasonably failed to use the preventative and corrective measures that the Allied Defendants provided; and (3) the reasonable use of the Allied Defendants' procedures would have prevented the alleged harm that Plaintiff suffered.

### TWENTY-FIFTH DEFENSE

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, as at the time of the alleged events set forth in Plaintiff's Complaint, AlliedBarton Security Services LLC and/or Universal Protection Service, LLC had in place policies against the conduct alleged and Plaintiff failed to avail herself of the remedial measures therein.

### TWENTY-SIXTH DEFENSE

With respect to Plaintiff's demand for punitive damages, the Allied Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### TWENTY-SEVENTH DEFENSE

Plaintiff's Complaint fails to state facts sufficient to state a claim for mental and emotional distress damages. If Plaintiff has suffered any emotional distress, which the Allied Defendants deny, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of the Allied Defendants, or anyone acting on their behalf. To the extent Plaintiff suffered any emotional distress, Plaintiff contributed to her own distress and, by reason of her contribution, any remedy to which she might otherwise be entitled must be denied or reduced accordingly.

### TWENTY-EIGHTH DEFENSE

Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to prejudgment interest.

### TWENTY-NINTH DEFENSE

Because the Complaint is couched in conclusory terms, the Allied Defendants cannot fully

anticipate all defenses that might be applicable to the within action. Accordingly, the Allied Defendants reserve the right to allege additional defenses as they become known during discovery, and to amend their Answer accordingly.

### THIRTIETH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because at all relevant times the Allied Defendants acted lawfully pursuant to the Fair Labor Standards Act and New York Labor Law.

### THIRTY-FIRST DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that the Allied Defendants required the false reporting of hours; no evidence that the Allied Defendants encouraged Plaintiff to falsely report hours; and no evidence that the Allied Defendants knew or should have known that Plaintiff was providing false information as to their hours, the Allied Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by the Plaintiff. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972).

### THIRTY-SECOND DEFENSE

Plaintiff is not entitled to any liquidated or other damages under the Fair Labor Standards Act or New York Labor Law because she has not asserted a claim under either statute.

Respectfully submitted this 10TH day of April, 2018.

**MARTENSON, HASBROUCK & SIMON LLP**

__/s/ Evan S. Weiss_____
Evan S. Weiss, Esq. (EW3606)
Wes McCart, Esq. *(Pro hac vice application forthcoming)*
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)
eweiss@martensonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GRECIA LEIVA,

                                                                              18 Civ. 1404

        Plaintiff,

    against-

ALLIED UNIVERSAL SECURITY SERVICES,
ALLIED BARTON SECURITY SERVICES, LLC,
and OSVALDO ORTIZ,

        Defendants,
------------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    **I hereby certify** that a true and correct copy of the foregoing was served electronically via the Court's ECF system and by regular mail on the following:

                              **Simon Eisenberg & Baum LLP**
                              Eric Baum, Esq.
                              24 Union Square East, 5th Floor
                              New York, NY 10003
                              Telephone: (212) 353-1708

    This 10th day of April, 2018

                                         /s/_*Evan S. Weiss*_____

                                         Evan S. Weiss