UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GRECIA LEIVA,

                          Plaintiff,

                 -against-                        Civ. No. 18-cv-1404

ALLIED UNIVERSAL SECURITY SERVICES,      **ANSWER OF DEFENDANT**
ALLIED BARTON SECURITY SERVICES, LLC, and  **OSVALDO ORTIZ**
OSVALDO ORTIZ,

                         Defendants.

------------------------------------------------------------x

       Defendant Osvaldo Ortiz, by and through his undersigned counsel, the Law Offices of Russell E. Adler PLLC, for his Answer to Plaintiff's Complaint herein, state as follows:

       1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

       3.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint except admits that Defendant Ortiz was an employee of Allied and worked at JFK.

       4.    Defendant neither admits nor denies the allegations contained in paragraph 4 of the Complaint to the extent this paragraph asserts only legal conclusions.

       5.    Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint to the extent this paragraph asserts only legal conclusions.

       6.    Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff purports to be entitled to a trial by jury.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint except admits that Plaintiff was an Allied employee.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint except admits that Defendant Ortiz is a named Defendant in a separate action.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that he is defendant in the refernced civil action.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

### FIRST CLAIM FOR RELIEF
**Sexual Harassment, and Hostile Work Environment n Violation of the New York City Human Rights Law (Against All Defendants)**

20. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

21. Defendant neither admits nor denies the allegations contained in paragraph 21 of the Complaint to the extent this paragraph asserts only legal conclusions.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Retaliaton**
**(Against All Defendants)**

28. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

29. Defendant neither admits nor denies the allegations contained in paragraph 29 of the Complaint to the extent this paragraph asserts only legal conclusions.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant neither admits nor denies the allegations contained in paragraph 36 of the Complaint to the extent this paragraph asserts only legal conclusions.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Gender Discrimination
### (Against All Defendants)

38. Defendant repeats and realleges his responses to the foregoing paragraphs as if set forth fully herein.

39. Defendant neither admits nor denies the allegations contained in paragraph 39 of the Complaint to the extent this paragraph asserts only legal conclusions.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant neither admits nor denies the allegations contained in paragraph 45 of the Complaint to the extent this paragraph asserts only legal conclusions.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

## Prayer for Relief

47. Defendant denies Plaintiff is entitled to the relief requested in Plaintiff's demand.

## FIRST AFFIRMATIVE DEFENSE

58. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, and/or any damages is precluded, because Plaintiff unreasonably failed to take advantage of Allied's preventive or corrective opportunities or to avoid harm otherwise.

### FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff failed to mitigate her alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

62. Defendant did not participate in, aid, abet, condone or acquiesce in any alleged discriminatory conduct.

### SIXTH AFFIRMATIVE DEFENSE

63. Defendant's actions were undertaken for legitimate business reasons unrelated to Plaintiff's gender or as a result of any alleged protected activity.

### SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred by the doctrines of waiver, estoppel, the after-acquired evidence doctrine, and/or the unclean hands doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

65. Defendant is not an "employer" as defined by applicable law.

### NINTH AFFIRMATIVE DEFENSE

66. Plaintiff failed to exhaust her administrative remedies and/or to satisfy all procedural or jurisdictional conditions precedent to this action.

### TENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims under the NYCHRL are barred because a reasonable person would consider any of Defendant's conduct less than petty slights or trivial inconveniences.

## ELEVENTH AFFIRMATIVE DEFENSE

58. Defendant is not subject to individual liability

* * *

WHEREFORE, Defendant respectfully request that this Court:

1. Dismiss Plaintiff's Complaint in its entirety and deny all claims for relief set forth therein, with prejudice;

2. Award Defendant reasonable attorneys' fees and costs incurred in defending this action, and

3. Grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

By: _____
Russell E. Adler
Law Offices of Russell E. Adler PLLC
78 Ridge Rd.
Katonah, NY 10536
646.504.3299
russ@radlerlawpllc.com
*Attorneys for Osvaldo Ortiz*

Dated: April 26, 2018
Katonah, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GRECIA LEIVA,

                Plaintiff,

        -against-

ALLIED UNIVERSAL SECURITY SERVICES,
ALLIED BARTON SECURITY SERVICES, LLC, and
OSVALDO ORTIZ,

                Defendants.

Civ. No. 18-cv-1404

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Defendant Osvaldo Ortiz's Answer to the Complaint was served upon the following via email and ECF on April 26, 2018

Eric M. Baum, Esq.
Eisenberg & Baum, LLP
24 Union Square East, 4th Floor
New York, New York 10003
ebaum@EandBLaw.com

Evan S. Weiss, Esq.
Wes McCart, Esq.
Martenson, Hasbrouk & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
eweiss@martensonlaw.com
wmccart@martensonlaw.com

                                                            Russell E. Adler